UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DAMARA NEEDHAM,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>WARDEN, SPC-PHOENIX, UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | 4:25-CV-04226-RAL<br><br>REPORT & RECOMMENDATION |

　　Petitioner Damara Needham, a federal inmate at the Phoenix Federal Correctional Institution in Arizona, has filed a habeas petition pursuant to 28 U.S.C. § 2241. This court has screened her petition and determined that it must be dismissed or transferred to the District of Arizona.

　　Ms. Needham is complaining about respondent's calculation of her sentence. See Docket No. 1 at 7. Specifically, she argues that respondent is not applying the First Step Act correctly. Id. Ms. Needham requests as a remedy that the court grant her FSA credits beginning from March 7, 2022. Id.

　　A petition under § 2241 is the correct vehicle by which a federal petitioner can seek redress regarding the way her sentence is being calculated. United States v. Thompson, 297 Fed. Appx. 561, 562 (8th Cir. 2008). However, such petitions must be filed in the district in which the petitioner is

incarcerated—here, that would be the District of Arizona.  See Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004); Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002); Bell v. United States, 48 F.3d 1042, 1043-44 (8th Cir. 1995).

Ms. Needham has filed her habeas petition in the wrong court.  The District of South Dakota has no personal jurisdiction over her captor, the warden of the Phoenix Federal Correctional Institution.  Therefore, the court cannot grant the relief Ms. Needham seeks even if she were to demonstrate entitlement to relief.  Padilla, 542 U.S. at 442.  Accordingly, it is hereby

**RECOMMENDED** that Ms. Needham's petition be dismissed without prejudice so that she can refile her petition with the federal district court in the District of Arizona or that this court transfer her case to that court.

## NOTICE OF RIGHT TO APPEAL

Ms. Needham has fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), unless an extension of time for good cause is obtained.  FED. R. CIV. P. 6(b)(1), 72(b)(2).  Failure to file timely objections may result in waiver of the right to appeal questions of fact.  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).  Objections must be timely and specific in order to require *de novo* review by the District Court.  Id. at 357–58.

DATED this 18th day of November, 2025.

BY THE COURT:

*Veronica L. Duffy* (signature)

VERONICA L. DUFFY

United States Magistrate Judge